ESTATE OF ALMIRA W. WHEELER, DECEASED.

[No. 6264; decided February 9, 1888.]

**Reference of Claim—Objection to Evidence.**—Assuming that section 1880, Code of Civil Procedure, applies to the case of a referred claim against a decedent's estate, yet unless the objection to the claimant's evidence is taken before the referee, it cannot be urged afterward.

**Reference of Claim—Sufficiency of Evidence.**—Where a claim presented against a decedent's estate is, by stipulation of the executor and claimant, referred to a designated person "to ascertain its accuracy and report the same," and, upon the reference, the referee is notified by the executor that he has no testimony to offer and does not desire to be present at the examination, and the claim is fully substantiated by the oral testimony of the claimant, and bills and memoranda, and witnesses in corroboration of his evidence, an objection to the referee's report on the ground that the claimant's evidence was inadmissible under section 1880, Code of Civil Procedure, cannot be sustained.

E. N. Deuprey, for claimant.

Wilson & Wilson, for executor, opposing the claim.

COFFEY, J.    Pursuant to an agreement in writing between Ben Morgan, executor, and Edgar W. Hawkins, claimant, under section 1507, Code of Civil Procedure, and approved by the court, this claim was referred to Edmund Tauszky, a court commissioner, on September 18, 1887. Afterward, to wit, on October 18, 1887, the report of the referee, recommending the allowance of the claim, was filed in this court, and on November 17, 1887, exceptions and objections were filed on behalf of the executor to the report and to the recommendation, upon the ground that the evidence supporting the claim, being that of the claimant, was inadmissible under subdivision 3, section 1880, Code of Civil Procedure, which reads:

["The following persons cannot be witnesses . . . ."].
"Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand

against the estate of a deceased person as to any matter of fact accruing before the death of such deceased person.''

Assuming the applicability of the section cited to such a case as this, it is my opinion that the objection is not now in order. No objection was made at the hearing. The testimony was given without any opposition or objection from the executor, or by anyone representing him.

The agreement to refer this claim is as follows, omitting the title of court and proceeding:

''Whereas, Edgar W. Hawkins has presented a claim against the above-entitled estate, amounting to the sum of $897; and, whereas, the executor of said estate, Ben Morgan, and said Hawkins have agreed to refer said claim to Edmund Tauszky, Esq., to ascertain its accuracy and report the same to this court, we hereby agree to the making of an order by the court, referring said claim to said Tauszky.

"BEN MORGAN,
''Executor of the Will of A. W. Wheeler, Deceased.
"E. W. HAWKINS,
"Claimant.''

Under this approved agreement, testimony was taken by the referee on behalf of the claimants, and three days were occupied in the work of the reference. The executor notified the referee that he had no testimony to offer, and did not desire to be present at the examination of the claimant's witnesses. The claim presented was an alleged balance due to claimant for money loaned, and paid out and expended on behalf of the deceased, at her request, by the claimant, between October, 1886, and May, 1887. The claimant had a right to expect that, if objection were contemplated, it would be offered at the hearing; and it seems to me that he had a right now to claim that the executor is estopped from urging an objection which was not suggested before the referee.

The referee says that every item of the claim is substantiated by the oral testimony and the bills and the book of the claimant, and that his testimony has not been contradicted. The referee reports that the claimant establishes that he loaned

to the decedent the sum mentioned in the claim, and paid out the other amounts contained therein at her request, and he has only received the sum of two hundred (200) dollars on account of such loans and disbursements; that there is no reason to doubt the truth of the statements of the claimant, and, in the absence of all contrary evidence, nothing remains for the referee to do but to recommend the claim to be allowed as presented, which he accordingly does by his report. In my opinion the referee's report should be confirmed, and it is so ordered.